IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GARY KENDAHL PEOPLES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-797-P |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Gary Kendahl Peoples, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## **I. BACKGROUND**

On September 16, 1991, in Criminal District Court Number One, Tarrant County, Texas, Case Nos. 0417433D, 0417589D, and 0420676D, a jury found Petitioner guilty on one count of robbery causing bodily injury and two counts of aggravated robbery causing serious bodily injury and "true" to the sentence-enhancement count in each indictment. 01Tr.

152, ECF No. 15-14; 02Tr. 149, ECF No. 15-16; 03Tr. 155, ECF No. 15-15.[1] The jury sentenced him to a term of 99 years' and two terms of life imprisonment and assessed a $10,000 fine in each case. The Second District Court of Appeals of Texas affirmed the trial court's judgments of conviction, and, on September 15, 1993, the Texas Court of Criminal Appeals refused Petitioner's petitions for discretionary review. Docket Sheet, ECF No. 15-2. Petitioner does not indicate that he sought writ of certiorari. Pet. 3, ECF No. 1. Therefore, his convictions became final ninety days later on December 14, 1993. *See* SUP. CT. R. 13.1. Thereafter, Petitioner sought state postconviction relief by filing four state habeas-corpus applications challenging his convictions, the first filed in July 1997 and the remaining three filed in March 2018. This federal petition for federal habeas relief was filed on September 26, 2018.[2] Pet. 1, ECF No. 1. Petitioner raises four grounds, in which he asserts that his counsel, the trial court judge, and/or the prosecution willfully deprived him of his constitutional right to a fair trial and appeal. Pet. 6-7, ECF No. 1. Respondent contends that the petition is untimely under the federal statute of limitations. Resp't's Preliminary Answer 6-14, ECF No. 14.

---

[1] "01Tr.," "02Tr.," and "03Tr." refer to the transcripts in Case Nos. 0417433D, 0417589D, and 0420676D, respectively.

[2] Typically, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner does not however indicate the date he placed his petition in the prison mailing system and the envelop in which the petition was received by the clerk of Court does not reflect a postmark date. Thus, he is not given the benefit of the prison mailbox rule.

## II. LEGAL DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

For purposes of subsection (A), applicable to this case, petitioners attacking

convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas-corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Therefore, Petitioner's federal petition filed on September 26, 2018, is untimely unless he is entitled to tolling of the limitations period.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas applications, all of which were filed after limitations had already expired, did not operate to toll limitations. *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not assert, and there is no evidence in the record, that he was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no *new* evidence to meet the actual innocence exception. His extreme delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights."[3] *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

---

[3]In an apparent attempt to justify equitable tolling of the limitations period, Petitioner asserts that his trial counsel's representation "rose to the level of ineffective assistance of counsel which constituted cause [and] prejudice" in one of more respects. Pet'r's Reply 3,

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before April 24, 1997. His petition filed on September 26, 2018, is therefore untimely.

**III. CONCLUSION**

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **24th day of October, 2019.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

ECF No. 22. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991). However, the procedural default doctrine set forth in *Coleman* addresses exceptions to a state-imposed procedural default and does not apply to the federal statute of limitations or the tolling of that period. *See Arthur v. Thomas*, 739 F.3d 611, 628-31 (11th Cir. 2014), *cert. denied,* 135 S. Ct. 106 (2014); *Huckaby v. Davis,* No. 4:16-CV-896-A, 2017 WL 6622551, at *4 (N.D.Tex. Dec. 27, 2017); *Shavers v. Stephens,* No. 4:14-CV-1029-A, 2015 WL 4481527, at *2-3 (N.D.Tex. July 21, 2015); *Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646, at *4 (N.D.Tex. June 9, 2014). This Court is not relying on the state court's application of a state procedural rule in dismissing the petition. Rather, the Court is applying a *federal* time limitations requirement to Petitioner's case and finds that he has failed to comply with said federal rule. Unlike the procedural default doctrine set forth in *Coleman,* failure to file a federal habeas petition before the expiration of the federal limitations period cannot be excused with a showing of "cause and prejudice." Nor do Petitioner's other arguments justify equitable tolling. Pet'r's Reply 2-4, ECF No. 22.